IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

TERRY W. HICKS

    Plaintiff

v.　　　　　　　　　　　　　　　　　　CIVIL ACTION NO.

MIG CAPITAL MANAGEMENT, INC.　　1 : 10-cv-1210 WTL-TAB
JAY MARTIN

    Defendants

### COMPLAINT FOR VIOLATION OF FEDERAL LAW

The Complaint For Violation Of Federal Law of Terry W. Hicks by his attorneys, UAW-Chrysler LLC Legal Services Plan, is as follows:

1. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 USC 1692 et. seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Jurisdiction of this Court arises under 15 USC 1692k(d) and 28 USC 1331.

3. Plaintiff TERRY W. HICKS is a natural person currently residing in Kokomo, IN and is a "consumer" within the meaning of the Fair Debt Collection Practices Act.

4. Defendant MIG CAPITAL MANAGEMENT, INC. ("Defendant") is a Florida corporation with its principal place of business located in Tampa, Florida. The Defendant regularly attempts to collect consumer debts asserted to be due another.

5. Defendant JAY MARTIN ("Defendant Employee") is a natural person employed by Defendant MIG CAPITAL MANAGEMENT, INC. as a collector of debts, including consumer debts, at all times relevant to this complaint.

6. Defendant communicated by telephone with Plaintiff in an attempt to collect an alleged consumer debt during the following period: 4 / 27 / 2010

7. Defendant Employee was responsible for the following collection communications by Defendant: phone call made for Defendant in an attempt to collect the debt.

8. Defendant did not provide, in the initial communication or within five days thereafter, the validation notice required by the Fair Debt Collection Practices Act.

9. The warning required in all communications, ("this is an attempt to collect a debt and any information will be used for that purpose"), was not included in the Defendant's communication(s) with Plaintiff on April 27, 2010.

10. In a collection communication with Plaintiff, Defendant threatened Plaintiff with specific action if the alleged debt was not paid within a given number of days.

11. On information and belief, Defendant did not intend to take the action at the end of the threatened period.

12. In a collection communication with Plaintiff, Defendant threatened to take the following action that Defendant did not intend to take or was not legally entitled to take: Told Plaintiff suit was already filed and a hearing was scheduled for the next day, that if he did not accept their settlement of $1,600 payable in 90 days then they would not remove the court date from the court's calendar which he stated was set for April 28, 2010 when no suit was actually on file and no court date existed.

13. In a collection communication with Plaintiff, Defendant falsely implied that the communication was from an attorney.

14. In a collection communication with Plaintiff, Defendant made false and misleading statements, including the following: falsely stating that suit was already filed against Defendant with court date set.

15. In its attempts to collect the alleged debt from Plaintiff, Defendants have committed violations of the Fair Debt Collection Practices Act, 15 USC 1692 et. seq., including, but not limited to, the following:

A. Failing to provide a proper validation notice as required. 15 USC 1692g(a).

B. Failing to give the warning disclosure in communications as required. 15 USC 1692e(11).

C. Threatening to take action that cannot be legally taken or is not intended to be taken. 15 USC 1692e(5).

D. Falsely implying that a communication was from an attorney. 15 USC 1692e(3).

E. Using false representations or deceptive means to collect a debt or to obtain information about the Plaintiff. 15 USC 1692e(10).

16. As a result of Defendant's actions in violation of collection statutes, Plaintiff suffered emotional distress and mental anguish.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendants for:

A. Actual damages, including for emotional distress;

B. Statutory damages, costs and reasonable attorney fees pursuant to 15 USC 1692k;

C. Such other and further relief as may be just and proper.

Respectfully Submitted,

GARY L. CALHOUN
Attorney No. 4183-50
UAW-Chrysler LLC Legal Services Plan
217 Southway Boulevard East, Suite 201
Kokomo, IN 46902
(765) 864-6400